1  Michele R. Stafford (SBN 172509)
   Shivani Nanda (SBN 253891)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   Telephone: (415) 882-7900
4  Facsimile: (415) 882-9287
   mstafford@sjlawcorp.com
5  snanda@sjlawcorp.com

6  Attorneys for Plaintiffs

7              UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  F.G. CROSTHWAITE and RUSSELL E.          Case No.:
   BURNS, in their respective capacities as
10 Trustees of the OPERATING ENGINEERS'     COMPLAINT
   HEALTH AND WELFARE TRUST FUND,
11
   PENSION TRUST FUND FOR OPERATING
12 ENGINEERS,

13 PENSIONED OPERATING ENGINEERS'
   HEALTH AND WELFARE FUND,
14
   OPERATING ENGINEERS AND
15 PARTICIPATING EMPLOYERS PRE-
   APPRENTICESHIP, APPRENTICE AND
16 JOURNEYMEN AFFIRMATIVE ACTION
   TRAINING FUND,
17
   HEAVY AND HIGHWAY COMMITTEE; and
18
   OPERATING ENGINEERS LOCAL UNION
19 No. 3 OF THE INTERNATIONAL UNION OF
   OPERATING ENGINEERS, AFL-CIO,
20
        Plaintiffs,
21              v.

22 HALF MOON BAY GRADING AND
   PAVING, INC., a California Corporation,
23
        Defendant.
24

25

26

27

28

1

Parties

2       1.       The Operating Engineers' Health and Welfare Trust Fund for Northern California;

3  Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension

4  Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan); Pensioned

5  Operating Engineers' Health and Welfare Fund; Operating Engineers and Participating Employers

6  Pre-apprenticeship, Apprentice and Journeymen Affirmative Action Training Fund; and the

7  Operating Engineers' Vacation and Holiday Pay Plan are employee benefit plans as defined in the

8  Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). They

9  and their fiduciaries are together referred to herein as "ERISA Plaintiffs." Greg Trento is the sole

10  Trustee and fiduciary of the Operating Engineers' Vacation and Holiday Pay Plan and F.G.

11  Crosthwaite and Russell E. Burns are fiduciaries and Co-Chairmen of the Joint Boards of Trustees

12  of the remaining ERISA Plaintiffs with authority to act on behalf of all Trustees.

13       2.       The Heavy and Highway Committee is a Trust established under the Labor

14  Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

15       3.       Operating Engineers Local Union No. 3 of the International Union of Operating

16  Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor

17  Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited

18  purpose of collecting union dues owing as part of the subject contribution claims of ERISA

19  Plaintiffs, and not for any other cause of action. The Union expressly reserves its rights to pursue

20  any other cause of action on its own behalf.

21       4.       Half Moon Bay Grading and Paving, Inc., a California Corporation, is an employer

22  by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

23

Jurisdiction

24       5.       Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by

25  virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the

26  provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which

27  violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief

28  under ERISA.

1    6.    Jurisdiction exists in this Court over all the claims by virtue of Labor Management

2  Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the ERISA Plaintiffs seek to enforce the

3  terms and conditions of a collective bargaining agreement between the Defendant and the Union.

4    7.    To the extent jurisdiction over any claim does not exist under ERISA or the

5  LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. §

6  1367 in that they arise out of a common nucleus of operative facts that form the basis of the

7  federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

8                                        Venue

9    8.    Venue exists in this Court with respect to the claims under ERISA §502 because all

10  of the plans of the ERISA Plaintiffs are administered within this district and the breach took place

11  in this district.

12    9.    Venue exists in this Court with respect to the claims under LMRA §301(a) and

13  302(c) because this Court has jurisdiction over the parties, as the Union maintains its principal

14  place of business in this district, its duly authorized officers or agents are engaged in representing

15  employee members in this district, and the claims arise in this district.

16                                Intradistrict Assignment

17    10.    The basis for assignment of this action to this court's Oakland Division is that all of

18  the events and omissions giving rise to the ERISA Plaintiffs' claims occurred in the County of

19  Alameda, where the ERISA Plaintiffs' funds, the Bargained Plans and dues were administered

20  during the period claimed herein, and where Defendant therefore failed to fulfill its statutory and

21  contractual obligations to the ERISA Plaintiffs.

22                                 Bargaining Agreement

23    11.    The Union and Defendant, by and through its representative, the Engineering and

24  Utility Contractors Association ("EUCA") entered into a collective bargaining agreement

25  requiring employer contributions to the Plaintiff Funds, and to the Union for union dues and to the

26  Bargained Plans more fully described in the Master Agreement for Northern California Between

27  Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL,

28  CIO and Associated General Contractors of California, Inc., Association of Engineering

-3-
**COMPLAINT**
Case No.:
P:\CLIENTS\OE3CL\Half Moon Bay Grading and Paving\Pleadings\Complaint 022213 DOC

1   Construction Employers, Engineering and Utility Contractors Association, Industrial Contractors,
2   UMIC., Inc. Defendant is also signatory to the Independent Northern California Construction
3   Agreement, which incorporates the Master Agreement. Those Agreements are collectively referred
4   to herein as the "Bargaining Agreements," and the ERISA Plaintiffs and Trust Funds are third
5   party beneficiaries of that Bargaining Agreements.

6       12.     Under the terms of the Bargaining Agreements, Defendants are required to pay
7   certain contributions to the Vacation and Holiday Pay Plan; Contract Administration Fund; Job
8   Placement Center and Market Area Committee Market Preservation Fund; Operating Engineers
9   Industry Stabilization Trust Fund; Business Development Trust Fund; Engineering and Utility
10  Contractors Association Industry Promotion Fund, together referred to herein as "Bargained
11  Plans." Plaintiff Boards of Trustees have been authorized to collect and distribute monies due to
12  the Bargained Plans under the Bargaining Agreements.

13      13.     Under the terms of said Bargaining Agreements and of the governing documents of
14  the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreements and made
15  binding on Defendant, Defendant is required to submit monthly reports of hours worked by its
16  employees, and to regularly pay to the Plaintiff ERISA Funds, to the Union for union dues, and to
17  the Trust Funds, certain sums of money, the amounts of which are determined by the hours
18  worked by employees of Defendant, all as more fully set forth in said Bargaining Agreements.
19  Also under the terms of said Bargaining Agreements and the governing documents of the Plaintiff
20  Trust Funds, Defendant agreed to pay liquidated damages and interest for each delinquent
21  payment, at the rates set by the Bargaining Agreements, from the day immediately following the
22  date that each such payment became due until paid in full, all as more fully set forth or
23  incorporated into said Bargaining Agreements.

24      14.     Under the terms of said Bargaining Agreements and of the governing documents of
25  the ERISA Plaintiffs which documents are incorporated in the Bargaining Agreements and made
26  binding on Defendant, Defendant is required to permit an authorized Trust Fund representative to
27  examine such records of Defendant as is necessary to determine whether Defendant has made full
28  payment of all sums owed to the ERISA Plaintiffs, all as more fully set forth in said governing

1  documents, as amended, and incorporated in the Bargaining Agreements.

2                                   Facts

3        15.    Defendant has a statutory duty to timely make required payments to the ERISA

4  Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

5        16.    Defendant has a contractual duty under the Bargaining Agreements to timely report

6  and pay required contributions, liquidated damages and interest to the ERISA Plaintiffs and the

7  Bargained Plans, and to timely make the required payment of union dues to the Union.

8        17.    Defendant has failed and refused to pay contributions for hours worked by its

9  employees during the months of September 2012, October 2012, November 2012, December

10  2012, and has failed to report or pay contributions owed for January 2013.  Liquidated damages

11  and interest have been incurred and are owing for the unpaid contributions owed for this period.

12       18.    Under the Bargaining Agreements, ERISA Plaintiffs are also entitled to recover

13  any and all additional contributions and all liquidated damages and interest thereon, on any other

14  late or unpaid contributions found due on timecards, audit, or that otherwise become due through

15  the time of Judgment. ERISA Plaintiffs expressly reserve the right to conduct an audit to

16  determine whether there are any additional amounts due.

17       19.    Defendant's failure and refusal to make payment was at all times, and still is,

18  willful. Defendant continues to breach said Bargaining Agreements, and the governing documents

19  of the ERISA Plaintiffs, by failing to pay all amounts owed, as alleged.  Said refusal is unjustified

20  and done with knowledge and intent.

21       20.    Defendant has a contractual duty under the Bargaining Agreements to provide

22  reports of monthly amounts due, pay amounts due, and to timely make the required contributions,

23  liquidated damages and interest to the ERISA Plaintiffs, the Bargained Plans, and to timely make

24  the required payment of union dues to the Union.  By failing to make such timely payments as

25  required, Defendant has breached said duty.  ERISA Plaintiffs are without an adequate remedy at

26  law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered

27  specifically to perform all obligations required on Defendant's part to be performed under ERISA,

28  29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the

1 governing documents of the ERISA Plaintiffs referred to therein, and are restrained from
2 continuing to refuse to perform as required thereunder.

3      21.    This Court is authorized to issue injunctive relief based on the traditional standard.
4 As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is
5 the possibility that the ERISA Trusts and their participants will suffer irreparable injuries. The
6 balance of hardships and advancement of public interest favor ERISA Plaintiffs.

7      22.    This Complaint does not in any manner relate to statutory withdrawal liability that
8 may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to
9 pursue any such withdrawal liability claims against Defendant as provided by the ERISA
10 Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining
11 Agreement, and the law.

12                                          Prayer

13      WHEREFORE, ERISA Plaintiffs pray as follows:

14      1.    For an order enjoining Defendant from violating the terms of the Bargaining
15 Agreements and the governing documents of the ERISA Plaintiffs, and enjoining Defendant from
16 disposing of any assets and continuing operations of its business until it complies with said terms.

17      2.    For judgment against Defendant in favor of the ERISA Plaintiffs, Bargained Plans,
18 and the Union, in an amount equal to:

19           (a)    All unpaid contributions due for hours worked as specified above and
20 thereafter through the time of judgment, including as found due on audit, pursuant to ERISA
21 §502(g)(2)(A), 29 U.S.C. §1132(g)(2)(A) as required:

22                 (i)    To the ERISA Plaintiffs, in accordance with ERISA §502(g)(2)(A),
23 29 U.S.C. §1132(g)(2)(A) and the Bargaining Agreements;

24                 (ii)   To the Bargained Plans, in accordance with the Bargaining
25 Agreements; and

26                 (iii)  To the Union for dues, in accordance with the Bargaining
27 Agreements.

28           (b)    Liquidated damages in an amount equal to the greater of:

1          (i)       Interest on the unpaid contributions, or

2          (ii)      Liquidated damages on the aforementioned unpaid contributions and
3  prior late-paid contributions, in accordance with the Bargaining Agreement, the governing
4  documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) with
5  respect to the ERISA Plaintiffs.

6          (c)      Interest on the aforementioned unpaid contributions at rates and in
7  accordance with the Bargaining Agreements, the governing documents of the ERISA Plaintiffs, as
8  well as ERISA §502(g)(2)(B), 29 U.S.C. §1132(g)(2)(B) with respect to the ERISA Plaintiffs, and
9  the applicable legal rate with respect to dues, and where otherwise appropriate.

10         (d)      Any additional contributions payable at time of judgment to ERISA
11 Plaintiffs, and the Bargained Plans as third party beneficiaries of the Bargaining Agreements, and
12 to the Union, plus interest and liquidated damages in accordance with the Bargaining Agreements,
13 the governing documents of the ERISA Plaintiffs, as well as ERISA §502(g)(2), 29 U.S.C.
14 §1132(g)(2) with respect to the ERISA Plaintiffs.

15         (e)      Audit compliance as may be requested by ERISA Plaintiffs in accordance
16 with Trust Procedures; payment of amounts found due on such audit, and audit testing fees in
17 accordance with the Bargaining Agreements and governing documents of the ERISA Plaintiffs, in
18 accordance with ERISA § 502(g)(2)(E).

19         (f)       Reasonable attorneys' fees and costs of this action in accordance with
20 ERISA §502(g)(2)(D), 29 U.S.C. §1132(g)(2)(D) for the ERISA Plaintiffs; in accordance with the
21 collective bargaining agreement for all Bargained Plans; and in accordance with LMRA §301,
22 29 U.S.C. §185 for all ERISA Plaintiffs.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3.     That the Court retain jurisdiction of this case pending compliance with its orders.

4.     For such other and further relief as the Court may deem just and proper.

Dated: February 26, 2013                    SALTZMAN & JOHNSON
                                            LAW CORPORATION


                                    By:
                                            Michele R. Stafford
                                            Shivani Nanda
                                            Attorneys for Plaintiffs

P:\CLIENTS\OE3CL\Half Moon Bay Grading and Paving\Pleadings\Complaint 022613.DOC