1  Michele R. Stafford (SBN 172509)
   Shivani Nanda (SBN 253891)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   Telephone: (415) 882-7900
4  Facsimile: (415) 882-9287
   mstafford@sjlawcorp.com
5  snanda@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | F. G. CROSTHWAITE, et al., as Trustees of | Case No.:  C13-0880 SI
12 | of the OPERATING ENGINEERS' HEALTH | **JUDGMENT PURSUANT TO**
      AND WELFARE TRUST FUND, et al. | **STIPULATION; [PROPOSED] ORDER**
13 |                               | **THEREON**
         Plaintiffs,
14 |              v.
   | HALF MOON BAY GRADING AND
15 | PAVING, INC., a California Corporation,
16 |      Defendant.

17

18         IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment shall be

19 entered in the within action in favor of the Plaintiffs F.G. CROSTHWAITE, et al. (collectively

20 "Plaintiffs" or "Trust Funds") and against Defendants HALF MOON BAY GRADING AND

21 PAVING, INC., a California Corporation, and/or any alter egos and/or successor entities, as

22 follows:

23         1.      Defendant entered into a valid Collective Bargaining Agreement with the

24 Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining

25 Agreement has continued in full force and effect to the present time.

26         2.      GARY LEE GIOVANNONI SR. acknowledges that he is the RMO/CEO/President

27 of HALF MOON BAY GRADING AND PAVING, INC. and specifically consents to the Court's

28 jurisdiction for all proceedings herein. Mr. Giovannoni (hereinafter "Guarantor") also confirms

that in consideration of the within payment plan he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledges that all affiliates, related entities and successors in interest to HALF MOON BAY GRADING AND PAVING, INC. and/or any subsequent entity wherein Guarantor is a principal shall also be bound by the terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction. Defendant and any additional entities in which Guarantor is an officer, owner or possesses any ownership interest, including all successors in interest, assignees, and affiliated entities (including, but not limited to parent or other controlling companies), and any companies with which HALF MOON BAY GRADING AND PAVING, INC. joins or merges, if any, shall also be bound by the terms of this Stipulation. Defendant and all such entities specifically consent to the Court's jurisdiction, which shall be specified in writing at the time of any assignment, affiliation or purchase of Defendant, along with the obligations to the terms herein.

    3.    Defendant has become indebted to the Trust Funds as follows:

| Work Month-Year | Unpaid Contributions | 20% Liquid. Damages | 10% Interest (thru 3/11/13) | Total |
|---|---|---|---|---|
| 9/12 | 5,851.89 | 4,791.13 | $453.26 | 11,096.28 |
| 10/12 | 15,321.31 | 3,553.03 | $414.78 | 19,289.12 |
| 11/12 | 10,436.51 | 2,419.12 | $194.22 | 13,049.85 |
| 12/12 | 13,720.08 | 2,744.02 | $122.99 | 16,587.09 |
| 1/13 | 14,685.21 | 2,937.04 | $24.29 | 17,646.54 |
| **Subtotals:** | **$60,015.00** | **$16,444.34** | **$1,209.54** | |

| | |
|---|---|
| **Unpaid Contributions, Interest thereon, Liquidated Damages** (9/12 – 1/13, breakdown above) | **$77,668.88** |
| **10% Liquidated Damages on prior late-paid Contributions** (12/11; 3/12 – 8/12) | **$10,485.24** |
| **10% Interest on prior late-paid Contributions** (12/11; 3/12 – 8/12) | **$772.69** |
| **Attorneys' Fees (through 3/11/13)** | **$1,525.00** |
| **Complaint Filing Fee; Service of Process** | **$350.00** |
| **Grand Total:** | **$90,801.81** |

    4.    Defendant/Guarantor shall *conditionally* pay the amount of **$63,872.23**, representing all of the above amounts, **less liquidated damages in the amount of $26,929.58, which may be waived,** *expressly conditioned upon the Trustees' approval and upon timely*

P:\CLIENTS\OE3CL\Half Moon Bay Grading and Paving\Pleadings\C13-0880 EDL - Judgment Pursuant to Stipulation 031213.doc

*compliance with all of the terms of this Stipulation,* as follows:

        (a)    Beginning on or before March 25, 2013, and on or before the 25th day of each month thereafter, for a period of twenty-four (24) months, through and including March 25, 2015, Defendant/Guarantor shall pay to Plaintiffs the amount of **$2,947.00** per month;

        (b)    Payments may be made by joint check, which shall be endorsed by Defendant/Guarantor prior to submission to Plaintiffs;

        (c)    Defendant/Guarantor shall have the right to increase the monthly payments at any time, without penalty;

        (d)    Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 10% per annum, from March 12, 2013, in accordance with Plaintiffs' Trust Agreements;

        (e)    Payments shall be made payable to the "*Operating Engineers' Trust Funds*" and delivered to Shivani Nanda at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be received on or before the 25th day of each month**.

        (f)    Defendant/Guarantor shall pay all additional costs and attorneys' fees incurred by Plaintiffs in connection with collection and allocation of any amounts owed by Defendant to Plaintiffs, regardless of whether or not there is a default herein.

        (g)    Prior to March 25, 2015, the deadline for Defendant/Guarantor's last monthly payment toward the conditional balance owed under the Stipulation, Plaintiffs shall notify Defendant/Guarantor in writing of the final amount due, including any additional interest and attorneys' fees and costs, as well as any other amounts due under the terms herein. Any additional amounts due pursuant to the provisions hereunder shall be paid in full with the final conditional stipulated payment.

        (h)    Following payment of the last conditional monthly payment under the Stipulation, Defendant/Guarantor will be advised as to whether or not the conditional liquidated damages waiver has been granted by the Board of Trustees. If the waiver is granted, upon bank clearance of Defendant/Guarantor's last payment of the conditional balance, and confirmation that

1   Defendant's account is otherwise current, Plaintiffs will file a Notice of Satisfaction of Judgment

2   with the Court. However, if the waiver is denied, monthly payments will continue until all

3   liquidated damages due have been paid.

4          (i)     Failure to comply with any of the above terms shall constitute a default of

5   Defendant's obligations under this Stipulation and the provisions of ¶12 shall apply.

6          6.     Beginning with contributions due, <u>if any</u>, for hours worked by Defendant's

7   employees during the month of February 2013, and <u>for every month thereafter that the Bargaining</u>

8   <u>Agreement remains in effect</u>, Defendants **shall remain current in any reports and contributions**

9   that may be due to Plaintiffs under the current Collective Bargaining Agreement and under all

10  subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.

11  Failure to comply with these terms shall also constitute a default of the obligations under this

12  Agreement and the provisions of ¶12 shall apply.

13         7.     Defendant shall make full disclosure of all jobs on which they are working by

14  providing Plaintiffs with a monthly job report on the form attached hereto as *Exhibit A*, including,

15  but not limited to, the name and address of job, general contractor information, certified payroll if

16  a public works job, start date and anticipated completion date, of each job. **Defendant shall**

17  **submit said job report each month by facsimile to Shivani Nanda at 415-882-9287, or to such**

18  **other fax number as may be specified by Plaintiffs, or by email to both**

19  **snanda@sjlawcorp.com and ethurman@sjlawcorp.com.** This requirement remains in full force

20  and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall

21  submit a statement stating that there are no current jobs. To the extent that Defendant is working

22  on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of

23  said Reports will be emailed or faxed to Shivani Nanda, concurrently with the monthly job reports.

24  Failure by Defendant to timely submit updated monthly job reports shall constitute a default of the

25  obligations under this agreement. This obligation remains in full force and effect regardless of

26  whether Defendant's account is deactivated. So long as Defendant is in business, and work is

27  being performed, regardless of whether it is covered under the current Collective Bargaining

28  Agreement, a job report shall be submitted.

8.      Failure by Defendant to remain current in reporting or payment of contributions shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions shall violate the condition for waiver of liquidated damages and shall be added to and become a part of this Judgment together with 20% liquidated damages and 10% per annum interest accrued on contributions and shall be subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

9.      **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request or with an audit in progress, if any, shall constitute a default of the obligations under this Agreement.

(a)      If Defendant is unable to make payment in full as may be found due on any such audit, Defendant may request that Plaintiffs modify this payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit, subject to the terms herein. If the Judgment is so revised, Defendant shall execute the Amendment to Judgment within ten (10) days of its submission to Defendant. Failure to execute the revised agreement shall constitute a default of the terms herein.

(b)      Failure by Defendant to submit either payment in full or request the addition of the amounts found due on audit to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute a default of the obligations under this agreement.  All amounts found due on audit shall immediately become part of this Judgment.

10.      Any check not timely submitted, submitted by Defendant but failing to clear the bank, or unable to be negotiated for any reason for which Defendant is responsible, shall be considered to be a default on the Judgment entered. If Defendant fails to submit its contribution

1    reports, and/or certified payroll reports (if any) and/or job reports, and/or fails to comply with *any*

2    of the terms of the Stipulation herein, this too shall constitute a default.

3         11.    If a default occurs, Plaintiffs shall make a written demand, sent to

4    Defendant/Guarantor by regular mail, to cure said default within seven (7) days of the date of the

5    notice from Plaintiffs. If Defendant/Guarantor elect to cure said default, and Plaintiffs elect to

6    accept future payments, all such payments shall be made by cashier's check if the default is caused

7    by a failed check.

8         12.    In the event the default is not cured, all amounts remaining due hereunder, as well

9    as any additional amounts due pursuant to the terms herein, shall be due and payable on demand

10   by Plaintiffs as follows:

11        (a)    The entire amount of $90,801.81 plus interest, reduced by principal

12   payments received by Plaintiffs, but increased by any unpaid contributions then due, including

13   audit findings, if any, plus 20% liquidated damages and 10% per annum interest thereon shall be

14   immediately due, together with any additional attorneys' fees and costs incurred;

15        (b)    A Writ of Execution may be obtained against Defendant/Guarantor and all

16   related entities without further notice, in the amount of the unpaid balance, plus any additional

17   amounts due under the terms herein. The declaration of a duly authorized representative of the

18   Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantor, and

19   the balance due and owing as of the date of default, shall be sufficient to secure the issuance of a

20   Writ of Execution;

21        (c)    Defendant/Guarantor waives notice of entry of judgment and expressly

22   waives all rights to stay of execution and appeal.

23        13.    Any failure on the part of the Plaintiffs to take any action against

24   Defendant/Guarantor as provided herein in the event of any breach of the provisions of this

25   Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of

26   any provisions herein.

27        14.    In the event of the filing of a bankruptcy petition by Defendant/Guarantor, the

28   parties agree that any payments made by Defendant/Guarantor pursuant to the terms of this

1    judgment, shall be deemed to have been made in the ordinary course of business as provided under

2    11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference

3    under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor nevertheless represent that no

4    bankruptcy filings are anticipated.

5          15.     Should any provision of this Stipulation be declared or determined by any court of

6    competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

7    enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

8    illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

9    Stipulation.

10         16.     This Stipulation is limited to the agreement between the parties with respect to the

11    delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs.

12    This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant

13    acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims,

14    if any, against Defendant as provided by the Plaintiffs' Plan Documents, the Trust Agreements

15    incorporated into the Collective Bargaining Agreement, and the law.

16         17.     This Stipulation contains all of the terms agreed by the parties and no other

17    agreements have been made. Any changes to this Stipulation shall be effective only if made in

18    writing and signed by all parties hereto.

19         18.     This Stipulation may be executed in any number of counterparts and by facsimile,

20    each of which shall be deemed an original and all of which shall constitute the same instrument.

21         19.     The parties agree that the Court shall retain jurisdiction of this matter until this

22    Judgment is satisfied.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

20.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

Dated:  March 12, 2013                    **HALF MOON BAY GRADING AND PAVING, INC., a California Corporation**

By:  _____/S/_____
GARY LEE GIOVANNONI SR., its
RMO/CEO/President

Dated:  March 12, 2013                    **GARY LEE GIOVANNONI SR., individually, as Guarantor**

By:  _____/S/_____
GARY LEE GIOVANNONI SR.

Dated:  March 26, 2013                    **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By:  _____/S/_____
DAVID E. HAYNER
Collections Manager

Dated:  March 12, 2013                    **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By:  _____/S/_____
SHIVANI NANDA
Attorneys for Plaintiffs

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated:    3/27/13

_____
UNITED STATES DISTRICT COURT JUDGE

-8-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C13-0880 SI**

# ATTESTATION CERTIFICATE

In accord with the Northern District of California's General Order No. 45, Section X(B), I attest that concurrence in the filing of this document has been obtained from each of the other signatories who are listed on the signature page.

Dated:  March 26, 2013

**OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

By: _____/S/_____
SHIVANI NANDA
Attorneys for Plaintiffs

**Exhibit A**

***JOB REPORT FORM***

** *Updated report must be emailed to* snanda@sjlawcorp.com *and* ethurman@sjlawcorp.com, *or faxed to (415) 882-9287, by the 25th day of each month* **

Employer Name: **HALF MOON BAY GRADING AND PAVING, INC.**

Report for the month of _____, 20____ Submitted by (name): _____

**Please spell out project, owner and general contractor names**

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

**Attach additional sheets as necessary**

P:\CLIENTS\OE3CL\Half Moon Bay Grading and Paving\Pleadings\C13-0880 EDL - Judgment Pursuant to Stipulation 031213.doc